# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 2:19-cv-03170-NKL ) ) |
| R.E.D. INVESTMENTS, LLC, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Defendant Robbie Marley moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss Count V of the complaint by plaintiff Landmark Infrastructure Holding Company, LLC for failure to state a claim and for failure to plead with sufficient particularity. For the reasons discussed below, the motion to dismiss is denied.

## I. Procedural Background

On April 2, 2015, Landmark filed suit against R.E.D. Investments, LLC and Bobby Van Stavern for misrepresentations made in connection with the sale of a billboard lease and easement. *Landmark Infrastructure Holding Company, LLC v. R.E.D. Investments, LLC and Bobby Van Stavern* ("*R.E.D. I*"), No. 2:15-cv-04064-NKL. On January 19, 2018, following a jury trial, the Court entered judgment in Landmark's favor in the amount of $537,234.11 *R.E.D. I*, Doc. 194. The Court subsequently awarded Landmark attorneys' fees and costs in the amount of $207,704.74. *R.E.D. I*, Doc. 210. The Eighth Circuit recently affirmed the judgment. *R.E.D. I*, Doc. 268.

## II. Alleged Facts

The $744,938.85 judgment against R.E.D. and Van Stavern remains unsatisfied. Doc. 1 (Complaint), ¶¶ 15-16.

On or about August 10, 2016, while the *R.E.D. I* suit was pending, the three members of R.E.D., Marley, Debora Johnson, and Elizabeth Ruble, formed Davis Hills Farms, LLC. Doc. 1, ¶ 17. Landmark alleges that they did so "for the purpose of transferring assets from R.E.D. . . . ." *Id.*, ¶ 76. Marley, Johnson, and Ruble are the sole members of both R.E.D. and Davis Hills. *Id.*

On or about May 12, 2017, R.E.D. transferred two pieces of real property, referred to respectively as the "Van Stavern Building" and the "Waterman Building," to Davis Hills. *Id.*, ¶ 18. The 2014 tax return for R.E.D.—purportedly the most recent tax return available—shows the Van Stavern Building as having a cost basis of $680,808 and the Waterman Property as having a cost basis of $250,000. *Id.*, ¶ 21. Yet, the Warranty Deed states only that Davis Hills paid "TEN DOLLARS AND OTHER VALUABLE CONSIDERATIONS" in exchange for both pieces of property. *Id.*, ¶ 19. Further, at a deposition in aid of execution on November 9, 2018, Marley, the corporate representative of R.E.D., testified that Davis Hills did not pay R.E.D. any consideration in exchange for the Van Stavern Building. *Id.*, ¶ 20.

On or about January 7, 2018, nine days before trial in the *R.E.D. I* suit, Davis Hills granted Mark Randolph, a cousin of the three members of R.E.D. and Davis Hills (*id.*, ¶ 23), a Deed of Trust on the Waterman Property, allegedly to secure a debt of $400,000. *Id.*, ¶ 22. Landmark alleges that Randolph paid no consideration in return for the Deed of Trust. *Id.*, ¶ 24.

On January 14, 2019, at Plaintiff's request post-judgment, the Court issued to Davis Hills a Writ of Execution, including a set of Interrogatories to Garnishee asking Davis Hills to identify any property belonging to R.E.D. *Id.*, ¶ 25. Just three days later, the three members of R.E.D.

and Davis Hills signed a "Warranty Deed by Limited Liability Company" transferring a portion of the Waterman Property from Davis Hills to defendants Derrick and Carrie Sien, who allegedly are either relatives or business associates of the R.E.D. and Davis Hills members. *Id.*, ¶ 26. The Warranty Deed given to the Siens states that the transfer was made "in consideration of other good and valuable consideration and Ten Dollars." *Id.*, ¶ 27.

In conjunction with Davis Hills's purported transfer of a portion of the Waterman Property to the Siens, Randolph executed a "Partial Deed of Release" dated January 16, 2019, which purported to release his lien on the portion of the Waterman Property that was transferred, but did not purport to release his lien on the portion of the Waterman Property that Davis Hills did not transfer. *Id.*, ¶ 29. Landmark alleges that Randolph received no consideration in exchange for agreeing to release the portion of his Deed of Trust covering the portion of the Waterman Property that Davis Hills transferred to the Siens. *Id.*, ¶ 30.

Landmark has asserted just one claim against Marley: conspiracy to "fraudulently transfer and encumber the assets of R.E.D. with the unlawful objective of impeding Plaintiff's efforts to satisfy its judgment against R.E.D." Doc. 1, ¶ 73.

### III.  Standard on Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint that fails to plead facts sufficient to state a plausible claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). If the facts alleged in the complaint are sufficient for the court to draw a reasonable inference that the defendant is

liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *See Iqbal*, 556 U.S. at 678.

In addition, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

IV. **Discussion**

Marley moves to dismiss the sole claim against her—for civil conspiracy to fraudulently transfer assets—for failure to state a claim and for failure to plead with sufficient particularity.

To state a claim for conspiracy, a plaintiff must allege that "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [the plaintiff] was thereby damaged." *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. Banc 2012).

Marley argues that "[t]he only allegations against Marley is [*sic*] that she is a family member with other Defendants and that she is a member of both R.E.D Investments, LLC and Davis Hills, LLC" and that "she had 'some plan' to defraud the Plaintiff."

In fact, Landmark alleges that Marley and the other defendants "entered into a plan with R.E.D. to fraudulently transfer and encumber the assets of R.E.D. with the unlawful objective of impeding Plaintiff's efforts to satisfy its judgment against R.E.D." and that "[t]here was a meeting of the minds between" each of the defendants "regarding the plan to fraudulently transfer and encumber the assets of R.E.D." Doc. 1, ¶¶ 73-74. Landmark's allegations—including the allegations that Marley and the other members of R.E.D. created Davis Hills during the pendency of the *R.E.D. I* litigation for the purpose of transferring assets away from R.E.D., that she signed papers transferring the substantial assets of R.E.D. (the Van Stavern Building and

4

Waterman Building) to Davis Hills without consideration, that she signed papers permitting Davis Hills to provide the Deed of Trust for the Waterman Building to co-defendant Randolph without consideration, and that she signed papers transferring a portion of the Waterman Building to co-Defendants the Siens without consideration (*id.*, ¶¶ 17-28, 73-78; *id.*, Exs. 1, 2, 4, 5)—plausibly suggest a meeting of the minds among the alleged conspirators as well as an act in furtherance of the conspiracy. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) ("A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators."). Thus, the complaint and its exhibits, which are incorporated therein, identify the nature of the alleged conspiracy—the agreement to engage in specified fraudulent transfers[1]—as well as Marley's participation in the transfers. Landmark has also alleged damages. *See id.*, ¶ 79 ("Plaintiff has been harmed by the actions of Davis Hills, Marley, Ruble, Johnson, Randolph, and the Siens in that Plaintiff has been unable to satisfy its judgment against R.E.D., and has been forced to incur significant time and legal costs in an effort to locate assets of R.E.D. to satisfy the judgment.").

---

[1] The fraudulent transfers are adequately pleaded as well. Landmark has alleged that it was, at all relevant times, R.E.D.'s creditor. Doc. 1, ¶¶ 14-16; *see also* Mo. Rev. Stat. § 428.009 (defining creditor as "a person who has a claim" and defining "[c]laim" as "a right to payment, whether or not the right is reduced to judgment, . . . disputed, undisputed, legal, [or] equitable"). Landmark has alleged that the three members of R.E.D. formed Davis Hills during the pendency of the *R.E.D. I* litigation and transferred the substantial assets of R.E.D., two pieces of real property, to Davis Hills in order to defraud, hinder, and delay Landmark and other creditors. Doc. 1, ¶¶ 17, 37, 53.[1] Landmark has also alleged that Davis Hills granted Randolph a deed of trust on that property on or about January 7, 2018, just nine days before the trial, without receiving any consideration therefor (*id.*, Doc. 1, ¶¶ 22, 24). Landmark also alleged that, as of May 12, 2017—before the transfer to Randolph—R.E.D. was insolvent and aware that Landmark had a claim against R.E.D. *Id.*, ¶ 36. Landmark thus has plausibly alleged, even under the heightened pleading requirements of Rule 9(b), each required element of Missouri Revised Statutes Sections 428.024.1(1) and 428.029. The allegations are sufficient "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

Insofar as Marley suggests that she cannot be held liable for the actions of R.E.D. or Davis Hills, the argument is without merit on the facts alleged. The mere fact that Marley is a member of both R.E.D. and Davis Hills does not shield her from liability for her personal participation in the alleged conspiracy to conduct fraudulent transfers or constructive fraudulent transfers. *See, e.g., Enslein v. Di Mase*, No. 16-9020-ODS, 2017 WL 3129812, at *4 (W.D. Mo. Jul. 21, 2017) (finding that plaintiff adequately pleaded civil conspiracy to commit, *inter alia*, fraudulent transfer, including against board member of alleged tortfeasor entity).

In short, Landmark has stated a claim against Marley for civil conspiracy, even under the heightened pleading standard of Rule 9(b).

## V.     CONCLUSION

For the reasons set forth above, Marley's motion to dismiss is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  August 20, 2019  
Jefferson City, Missouri