# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 2:19-cv-03170-NKL<br>)<br>) |
| R.E.D. INVESTMENTS, LLC, et al., | )<br>) |
| Defendants. | )<br>) |

## ORDER

Defendant Mark Randolph moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss the complaint against him by plaintiff Landmark Infrastructure Holding Company, LLC for failure to state a claim and for failure to plead with sufficient particularity. For the reasons discussed below, the motion to dismiss is denied.

### I. Procedural Background

On April 2, 2015, Landmark filed suit against R.E.D. Investments, LLC and Bobby Van Stavern for misrepresentations made in connection with the sale of a billboard lease and easement. *Landmark Infrastructure Holding Company, LLC v. R.E.D. Investments, LLC and Bobby Van Stavern* ("*R.E.D. I*"), No. 2:15-cv-04064-NKL. On January 19, 2018, following a jury trial, the Court entered judgment in Landmark's favor in the amount of $537,234.11 *R.E.D. I*, Doc. 194. The Court subsequently awarded Landmark attorneys' fees and costs in the amount of $207,704.74. *R.E.D. I*, Doc. 210. The Eighth Circuit recently affirmed the judgment. *R.E.D. I*, Doc. 268.

## II. Alleged Facts

The $744,938.85 judgment against R.E.D. and Van Stavern remains unsatisfied. Doc. 1 (Complaint), ¶¶ 15-16.

On or about August 10, 2016, while the *R.E.D. I* suit was pending, the three members of R.E.D. formed Davis Hills Farms, LLC. Doc. 1, ¶ 17. The three members of R.E.D. are the sole members of Davis Hills. *Id.* On or about May 12, 2017, R.E.D. transferred two pieces of real property, including one referred to as the "Waterman Building," to Davis Hills. *Id.*, ¶ 18. The 2014 tax return for R.E.D.—purportedly the most recent tax return available—shows the Waterman Property as having a cost basis of $250,000. *Id.*, ¶ 21. Yet, the Warranty Deed states only that Davis Hills paid "TEN DOLLARS AND OTHER VALUABLE CONSIDERATIONS" in exchange for the property. *Id.*, ¶ 19.

On or about January 7, 2018, nine days before trial in the *R.E.D. I* suit, Davis Hills granted Randolph, a cousin of the three members of R.E.D. and Davis Hills (*id.*, ¶ 23), a Deed of Trust on the Waterman Property, allegedly to secure a debt of $400,000. *Id.*, ¶ 22. Landmark alleges that Randolph paid no consideration in return for the Deed of Trust. *Id.*, ¶ 24. On January 14, 2019, at Plaintiff's request post-judgment, the Court issued to Davis Hills Farms a Writ of Execution, including a set of Interrogatories to Garnishee asking Davis Hills Farms to identify any property belonging to R.E.D. *Id.*, ¶ 25. Just three days later, the three members of R.E.D. and Davis Hills signed a "Warranty Deed by Limited Liability Company" transferring a portion of the Waterman Property from Davis Hills to defendants Derrick and Carrie Sien, who allegedly are either relatives or business associates of the R.E.D. and Davis Hills members. *Id.*, ¶ 26. The Warranty Deed given to the Siens states that the transfer was made "in consideration of other good and valuable consideration and Ten Dollars." *Id.*, ¶ 27. In conjunction with Davis Hills's purported transfer of a portion of the Waterman Property to the Siens, Randolph executed

a "Partial Deed of Release" dated January 16, 2019, which purported to release his lien on the portion of the Waterman Property that was transferred, but did not purport to release his lien on the portion of the Waterman Property that Davis Hills did not transfer. *Id.*, ¶ 29. Landmark alleges that Randolph received no consideration in exchange for agreeing to release the portion of his Deed of Trust covering the portion of the Waterman Property that Davis Hills transferred to the Siens. *Id.*, ¶ 30.

Landmark has asserted three claims against Randolph: fraudulent transfer, constructive fraudulent transfer, and conspiracy.

### III. Standard on Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint that fails to plead facts sufficient to state a plausible claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). If the facts alleged in the complaint are sufficient for the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *See Iqbal*, 556 U.S. at 678.

In addition, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## IV. Discussion

Randolph moves to dismiss all claims against him—for actual and constructive fraudulent transfers of the Waterman Property and for civil conspiracy—for failure to state a claim and for failure to plead with sufficient particularity.

### a. Fraudulent Transfer

Randolph moves to dismiss Landmark's fraud and constructive fraud claims on the ground that they are not stated with adequate particularity.

Federal Rule of Civil Procedure 9(b) requires one claiming fraud to "state with particularity the circumstances constituting fraud or mistake." However, the Court "must interpret the requirements of Rule 9(b) in harmony with the principles of notice pleading." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (quotation marks and citation omitted). The heightened pleading standard for fraud "simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations . . . ." *Id.* The complaint should "identify the who, what, where, when, and how of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quotation marks omitted).

Because a claim for constructive fraud does not require proof of fraudulent intent, it need not meet the heightened pleading requirement of Rule 9(b). *See In re Great Lakes Comnet, Inc.*, 588 B.R. 1, 22 (Bankr. W.D. Mich. 2018) ("The majority of courts have concluded that constructive fraudulent transfer claims need only be plausibly pled." (citing cases)).

Landmark brings claims pursuant to Missouri Revised Statute Sections 428.024.1(1) and 428.029. Section 428.024.1 provides in relevant part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the

4

obligation was incurred, if the debtor made the transfer or incurred the obligation With actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: . . . (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

To state a claim under this statute, Landmark must plausibly plead that it is a creditor, and that R.E.D. made a transfer with the intent to hinder Landmark (fraudulent transfer), or that R.E.D. did not receive reasonably equivalent value for the transfer and reasonably should have believed that he would incur debts beyond his ability to pay as they came due (constructive fraudulent transfer).

Section 428.029 provides in relevant part:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Mo. Rev. Stat. § 428.024.1(1). (*See* Doc. 1, ¶ 54). Thus, to state a claim under this statute, Landmark must allege that it is a creditor whose claim arose before the transfer was made and R.E.D. made the transfer without receiving a reasonably equivalent value for it and R.E.D. either was insolvent at the time of, or became insolvent as a result of, the transfer (constructive fraudulent transfer).

Landmark has alleged that it was, at all relevant times, R.E.D.'s creditor. Doc. 1, ¶¶ 14-16; *see also* Mo. Rev. Stat. § 428.009 (defining creditor as "a person who has a claim" and defining "[c]laim" as "a right to payment, whether or not the right is reduced to judgment, . . . disputed, undisputed, legal, [or] equitable"). Landmark has alleged that, after R.E.D. transferred the Waterman Property to Davis Hills during the pendency of the *R.E.D. I* litigation without receiving a reasonably equivalent value in return and "with the actual intent to defraud, hinder,

5

and delay its creditors" (Doc. 1, ¶¶ 18-21, 53), and Davis Hills granted Randolph a deed of trust on that property on or about January 7, 2018, just nine days before the trial, without receiving any consideration therefor (*id.*, Doc. 1, ¶¶ 22, 24).[1] Landmark alleged fraudulent intent on Davis Hills' and R.E.D.'s part, including an intent to hinder or delay creditors such as Landmark, as well as on Randolph's part. *Id.*, ¶¶ 37, 53-54, 80.[2] Landmark also alleged that, as of May 12, 2017—before the transfer to Randolph—R.E.D. was insolvent and aware that Landmark had a claim against R.E.D. *Id.*, ¶ 36. Landmark thus has plausibly alleged each element of the two statutes at issue, even under the heightened pleading requirements of Rule 9(b). The allegations are sufficient "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

---

[1] Contrary to Randolph's contention, the fact that the Deed of Trust references a $400,000 debt owed by Davis Hills to Randolph is not sufficient at this stage to establish that Davis Hills received consideration of reasonably equivalent value in exchange for the Deed of Trust it provided to Randolph, and it therefore does not warrant dismissal of the claims. Landmark may succeed in establishing that Randolph provided no consideration, or consideration that was not of reasonably equivalent value, for the Deed of Trust.

[2] Indeed, Landmark has also alleged indicia of fraud, such as the facts that Landmark had sued R.E.D. before any of the transfers took place, and the transfer to Randolph occurred days before trial commenced (*id.*, ¶¶ 14, 18, 22), that the Waterman Property, like the Van Stavern Building that also was transferred to Davis Hills while the *Landmark I* suit was pending, was one of R.E.D.'s most substantial assets (*id.*, ¶ 53(f)) that Randolph is a family member of the three members of R.E.D. and Davis Hills (*id.*, ¶ 23) and that Randolph released a portion of the Deed of Trust without receiving any consideration therefor when Davis Hills transferred a portion of the Waterman Property to the Siens (*id.*, ¶¶ 29-30). *See* Mo. Rev. Stat. 428.024.2 ("In determining actual intent under subdivision (1) of subsection 1 of this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; . . . (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; . . . (5) The transfer was of substantially all the debtor's assets; . . . (10) The transfer occurred shortly before or shortly after a substantial debt was incurred . . . .").

### b. Conspiracy

Randolph argues that Landmark has failed to plead facts sufficient to state a claim for conspiracy (Count V) "[b]ecause the facts supporting Counts III and IV are improperly and vaguely pleaded, and the allegations contained in Count V contain, with respect to Randolph, conclusory and speculative allegations that Randolph agreed to commit or accomplish the vaguely stated torts in Counts III and IV . . . ." Doc. 13, p. 5.

To state a claim for conspiracy, a plaintiff must allege that "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [the plaintiff] was thereby damaged." *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. Banc 2012).

Landmark alleges that Randolph and the other defendants "entered into a plan with R.E.D. to fraudulently transfer and encumber the assets of R.E.D. with the unlawful objective of impeding Plaintiff's efforts to satisfy its judgment against R.E.D.," and that "[t]here was a meeting of the minds between" each of the defendants "regarding the plan to fraudulently transfer and encumber the assets of R.E.D." These allegations are supported by the following specific allegation:

> Randolph committed acts in furtherance of the conspiracy to impede Plaintiff's efforts to satisfy its judgment against R.E.D. by accepting and recording a Deed of Trust encumbering the Waterman Property without giving any consideration in exchange for the Deed of [T]rust and by agreeing to release a portion of his Deed of Trust in order to effectuate the subsequent fraudulent transfer of a portion of the Waterman Property to the Siens."

Doc. 1, ¶ 77. These allegations plausibly suggest a meeting of the minds among the alleged conspirators and an act in furtherance of the conspiracy. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) ("A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators."). The allegations identify the nature of

the alleged conspiracy—the agreement to engage in specified fraudulent transfers—as well as Randolph's participation in accepting and recording, without providing consideration, and then partially releasing, without receiving consideration, the Deed of Trust, which damaged Landmark. Combined with the facts alleging fraudulent transfer and constructive fraudulent transfer discussed above, which set forth the when and how of the allegedly fraudulent transfers, they meet the heightened pleading standard of Rule 9(b).

### c. The Claim for Attorneys' Fees

Randolph argues that Landmark's claim against him for attorneys' fees should be dismissed because he was not a party to the Purchase Agreement between R.E.D. and Landmark. In response, Landmark clarified that, because Randolph was not a party to the Purchase Agreement, Landmark does not seek attorneys' fees directly from Randolph based on the Purchase Agreement. However, Landmark "seeks to hold Randolph jointly and severally liable to Landmark for the full amount of its judgment against R.E.D. as actual damages for Randolph's participation in the conspiracy." Doc. 40, p. 9. Randolph did not address Landmark's position in his reply. The Court therefore assumes for the purpose of this motion only that there is no dispute that Landmark may seek the full amount of its judgment against R.E.D., including attorneys' fees, from Randolph as actual damages for Randolph's alleged participation in the conspiracy. Accordingly, the motion to dismiss on this basis is denied.

## V. CONCLUSION

For the reasons set forth above, Randolph's motion to dismiss is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 20, 2019
Jefferson City, Missouri